HIRAM STEVENS *vs.* SAMUEL SAYWARD & another.

When a portion of goods, shipped by one entire contract of affreightment, is lost by fault of the carrier, and the residue sold by him by the bill of lading at the port of delivery, without knowing such loss, the carrier, if sued by the consignee for money had and received from the proceeds of the sale, cannot deduct the freight; but may deduct a discount allowed by him to the purchaser on discovering the deficiency in the goods

ACTION OF CONTRACT for money had and received, being the net proceeds of the sale at San Francisco of certain goods carried there from Boston by the defendants, consigned to the plaintiffs.

The defendants, in their answer, admitted the receipt of the money, and claimed to hold it for the payment of freight due under the bill of lading, and of expenses of storage, and of $75 paid by them as a discount to the purchaser of the goods.

At the trial in the superior court of Suffolk at January term 1856, before *Abbott*, J., the following facts appeared: The articles named in the bill of lading were parts of an entire house. Some of them were lost by reason of being improperly stowed, under such circumstances that the defendants had no right to recover freight, as was decided in 3 Gray, 97. Upon the arrival of the ship in San Francisco, the defendants advertised

for the consignee, and, after waiting beyond the time stipulated in the bill of lading, sold the goods as described in the bill of lading, without examining the goods, or knowing whether the whole house had arrived.

The plaintiff having waived all other counts in his declaration, except that for money had and received, the defendants asked the court to rule that the plaintiff, by seeking to recover in this form of action the proceeds of the sales of the shipment, had ratified and adopted that sale, and the delivery of the articles which was in fact made under it, and waived a strict performance of the bill of lading, and was thereby estopped to deny the full performance of the contract; and the defendants were therefore entitled to deduct the freight due them by the bill of lading on this shipment, before paying over the proceeds of the sale. But the court refused so to rule.

The defendants also offered to prove that after making the sale for the sum claimed, they were obliged to allow, and did allow, in good faith, to the purchaser, $75 on account of the goods lost. But the court ruled that this would contradict their answer, which admitted the receipt of the full sum; and rejected the evidence.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*L. Shaw, Jr.* (*J. J. Clarke* with him,) for the defendants, cited *Miller* v. *Miller*, 7 Pick. 136; *Stevens* v. *Sayward*, 3 Gray, 111; Story on Agency, §§ 239, 250, 259, and cases cited; *Smith* v. *Hodson*, 4 T. R. 216; *Jones* v. *Hoar*, 5 Pick. 290; *Butler* v. *Hildreth*, 5 Met. 49; *Browning* v. *Bancroft*, 8 Met. 278; *Peters* v. *Ballistier*, 3 Pick. 495; *Kelly* v. *Munson*, 7 Mass. 323; *Young* v. *Marshall*, 8 Bing. 43; *Lindon* v. *Hooper*, Cowp. 419; 2 Greenl. Ev. § 120, and cases cited.

*S. J. Thomas & S. J. Gordon*, for the plaintiff.

BIGELOW, J. The question raised by those exceptions has already been determined by the opinions given when this case was before the court at a former term. 3 Gray, 108. The defendants have earned no freight, and cannot set off any claim therefor against the sum which they owe the plaintiff for the

proceeds of his property which was sold by them at San Francisco.

The attempt to make the plaintiff liable, by way of set-off, for a debt which he does not owe, because he seeks under a count for money had and received to recover the proceeds of his property, instead of by a count in tort, in the nature of trover, to obtain damages for its conversion, is quite novel, and cannot be supported on principle or authority. The form of action does not change the substantial rights of the parties. Its only effect is to limit the claim of the plaintiff to the net amount of money received by the defendants for the sale of the goods, instead of leaving it open to him to recover their actual value at the time of the conversion, although much greater than the sum received for them by the defendants. In this respect, the form of action in the present case is most beneficial to the defendants; in all others, the rights of the parties are not affected by it. When, therefore, it is said that the plaintiff by his form of action has ratified the sale of the goods by the defendant, nothing more is meant than that the plaintiff waives all damages in tort, and demands only the sum which has come to the defendant's hands by reason of the sale. He does not ratify any preceding breaches of contract, or waive any claims in his favor, which accrued prior to the sale. On the contrary, the whole claim of the plaintiff in the present case is founded on the breach of the contract of the defendants as carriers. If they had fulfilled their contract and earned freight, they would have had a lien on the property for more than its value, and the plaintiff could have maintained no action for the proceeds of the sale. It would indeed be strange, if the form in which the plaintiff brought his action should not only defeat his own claim which he sought to enforce by it, but should also create a demand against him in favor of the defendants, which had no existence before the plaintiff commenced his suit.

The plaintiff, however, is entitled to recover only the amount received by the defendants, after deducting all reasonable charges and expenses. The sum refunded to the purchasers of the lumber should be allowed to the defendants, because it was in fact

a reduction of the price for which the lumber was sold, by reason of a deficiency in certain articles included in the sale.  It cannot be therefore now held to have been received to the plaintiff's use.  The answer of the defendants does not preclude them from claiming this deduction.  If the sum is remitted, the entry will be                                            *Exceptions overruled.*